**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRANDON DAVIS, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HBLC, INC., | ) |
| STEVEN J. FINK & | ) |
| ASSOCIATES, P.C., | ) |
| and STEVEN J. FINK, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.      Plaintiff Brandon Davis brings this action to secure redress from unlawful credit and collection practices engaged in by defendants  HBLC, Inc., Steven J. Fink & Associates, P.C., and Steven J. Fink.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt

1

collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Specifically, plaintiff alleges that defendants systematically engaged in collecting time-barred debts through unlawful means.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications and activities impacted plaintiff within this District;

   b. Each defendant does or transacts business within this District.

## PARTIES

10. Plaintiff is an individual who resides in the Northern District of Illinois.

11. Defendant HBLC, Inc., is an Illinois corporation. Its registered agent and office is Steven J. Fink, 25 E. Washington St., Suite 1233, Chicago, IL 60602.

12. The sole business of HBLC, Inc., consists of acquiring charged-off consumer debts and collecting them. Among other things, HBLC, Inc., files numerous lawsuits in Illinois courts seeking to collect such debts.

13. The mails and telephone system are used in connection with such lawsuits.

14. HBLC, Inc., holds a collection agency license from the state of Illinois.

15. HBLC, Inc., is a debt collector as defined in the FDCPA.

2

16.     Steven J. Fink is an Illinois attorney.  He may be found at 25 E. Washington St., Suite 1233, Chicago, IL  60602.  His practice consists of the collection of consumer debts owed to others.  He regularly uses the mails and telephone system in connection with such lawsuits. He is a debt collector as defined in the FDCPA.

17.     Steven J. Fink & Associates, P.C., is the corporation through which Fink practices.  It is located at  25 E. Washington St., Suite 1233, Chicago, IL  60602.

18.     Defendant Steven J. Fink & Associates, P.C.'s practice consists primarily of the collection of debts owed to others and incurred for personal, family or household purposes.

19.     Defendant Steven J. Fink & Associates, P.C. uses the mails and telephone system in conducting business.

20.     Steven J. Fink & Associates, P.C., is a "debt collector" as defined in the FDCPA.

21.     Steven J. Fink & Associates, P.C., files hundreds of collection lawsuits against consumers each year, including in Illinois, and sends thousands of collection letters each year.

22.     Steven J. Fink & Associates, P.C., regularly represents HBLC, Inc.

23.     HBLC, Inc., purchased or claims to have purchased a large volume of motor retail installment contract debts, among other places from Blackhawk Finance, Inc., now defunct.  It filed suit on at least 75 such contracts.

## FACTS

24.     In 2012, plaintiff defaulted on a motor vehicle retail installment contract held by Blackhawk Finance, Inc.

25.     The vehicle was obtained for personal, family or household purposes (general transportation) and not for business purposes.

26.     In 2017,  HBLC, Inc., represented by Steven J. Fink and Steven J. Fink & Associates, P.C., filed suit against plaintiff Brandon Davis in the Circuit Court of Cook County to collect the alleged debt, case 17 M1 106462.

27.     HBLC, Inc.,  represented by Steven J. Fink and Steven J. Fink & Associates, P.C.,

obtained a default judgment against plaintiff by claiming substitute service on a person plaintiff had nothing to do with at an address plaintiff did not live at. This is not uncommon with their lawsuits.

28.     Plaintiff learned of the lawsuit in June 2018, when HBLC, Inc., represented by Steven J. Fink and Steven J. Fink & Associates, P.C., attempted to enforce the judgment.

29.     Brandon Davis was required to spend time and money to defend the lawsuit.

30.     The debt went into default more than 4 years prior to the filing of suit.

31.     The statute of limitations applicable to the collection of installment contract debts for the sale of goods (such as a vehicle) is four years under section 2-725 of the Uniform Commercial Code.

32.     Section 2-725 of the UCC provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

33.     The Uniform Commercial Code statute of limitations applies to an action to recover the money owed under a contract for the sale of goods. *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (Illinois law).

34.     "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

35.     Defendants HBLC, Inc., Steven J. Fink, and Steven J. Fink & Associates, P.C., regularly demand payment of, file suit on, and threaten to file suit on retail installment contract

4

debts that are more than four years old at the time of the demand, filing or threat.

36.     It is the policy and practice of defendants to:

    a.     Collect time-barred debts.

    b.     File suit on such debts.

    c.     Not disclose the fact that they are time-barred.

37.     It is the policy and practice of defendants, when seeking to collect time-barred debts, to not disclose the dates of the transactions giving rise to the debts.

38.     The Federal Trade Commission has determined  that  "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)   The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

39.     On October 1, 2012,  the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred.  2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004.   The orders require that "the Bank shall continue to provide disclosures  concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ."  (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

40.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of*

5

*the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases. The report supports plaintiff's position that defendants violated the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

41.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

42.     Courts also hold that it is misleading and a violation of the FDCPA to:

    a.     File suit on a time-barred debt. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013).

    b.     Offer to settle a time-barred debt without disclosure of its unenforceable nature. *Pantoja v. Portfolio Recovery Associates, LLC,* 852 F.3d 679 (7th Cir. 2017); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014); *Daugherty v. Convergent Outsourcing, Inc.,* 836 F.3d 507, 509 (5th Cir. 2016); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 397 (6th Cir. 2015).

43.     Defendants engaged in misleading conduct, in violation of the FDCPA, by:

    a.     Filing suit on a time-barred debt;

    b.     Intentionally omitting from their complaint the dates that would reveal that the action is time barred, such as the date of default.

## COUNT I – FDCPA

44.     Plaintiff incorporates paragraphs 1-43.

45.     This claim is against all defendants.

46.     Defendants engaged in unfair and deceptive acts and practices, in  violation of 15

U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10),  by dunning and suing consumers on time-

barred debts without disclosure of that fact.

47.     Section 1692e provides:

**§ 1692e.          False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**

**(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

48.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a)

and 23(b)(3).

49.     The HBLC, Inc. class consists of (a) all individuals (b) with respect to whom

defendant HBLC, Inc. filed a lawsuit or sent or caused to be sent a letter (directly or by an agent

or attorney) (c) to collect debts for the sale of goods (d) more than four years after the later of

default, repossession  or chargeoff, (e) which letter was sent or lawsuit was pending at any time

during a period beginning one year prior to the filing of this action and ending 21 days after the

filing of this action.

50.     The Steven J. Fink & Associates, P.C. class consists of (a) all individuals (b) with

respect to whom defendant Steven J. Fink & Associates, P.C. filed a lawsuit or sent or caused to

be sent a letter (c) to collect debts for the sale of goods (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

51. On information and belief, each class is so numerous that joinder of all members is not practicable.

52. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of attempting to collect time-barred debts and whether such practice violates the FDCPA.

53. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

54. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

55. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;

    ii. Actual damages, including all amounts collected on time-barred debts and all appearance and attorney's fees incurred by persons sued on time-barred debts;

8

    iii.     Attorney's fees, litigation expenses and costs of suit;

    iv.     Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

56.     Plaintiff incorporates paragraphs 1-43.

57.     This claim is against HBLC, Inc..

58.     Defendant HBLC, Inc. engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by dunning and threatening and filing suits on time-barred debts.

59.     Defendant HBLC, Inc. engaged in such conduct in the course of trade and commerce.

60.     Defendant HBLC, Inc. engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

## CLASS ALLEGATIONS

61.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

62.     The class consists of (a) all individuals with Illinois addresses (b) with respect to whom defendant HBLC, Inc. filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect debts for the sale of goods (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning 3 years prior to the filing of this action and ending 21 days after the filing of this action.

63.     On information and belief, the class is so numerous that joinder of all members is not practicable.

64.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant attempts to collect time-barred debts.

65.     Plaintiff's claim is typical of the claims of the class members. All are based on

9

the same factual and legal theories.

66. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

67. A class action is superior for the fair and efficient adjudication of this matter, in that:

       a. Individual actions are not economically feasible.

       b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant:

       i. Declaring that the purported debts are time-barred;

       ii. Enjoining defendant from instituting or threatening suit to collect such debts;

       iii. Enjoining defendant from attempting to collect such debts without disclosure of the fact that they are time-barred.

       iv. For actual damages;

       v. For punitive damages;

       vi. For attorney's fees, litigation expenses and costs of suit;

       vii. For such other and further relief as the Court deems proper.


                    /s/ Daniel A. Edelman
                    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
David S. Kim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)