IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Brandon Davis,<br>on behalf of plaintiff and a class,<br><br>vs.<br><br>HBLC, Inc.,<br>Steven J. Fink & Associates, P.C. and<br>Steven J. Fink,<br><br>      Defendants. | No. 18-cv-5986<br><br>Judge Guzman<br><br>Magistrate Judge Weisman |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR LEAVE TO RESPOND TO MOTION TO CERTIFY**

Plaintiff Brandon Davis opposes Defendants' Motion for Leave to Respond to Motion to Certify. In support Plaintiff states:

1. On February 7, 2019, the Court entered a briefing schedule for Plaintiff's motion for class certification. [Dkt. 24.] Counsel for Plaintiff and Defendants were present.

2. Pursuant to the Court's briefing schedule, Plaintiff filed his Motion and Memorandum for Class Certification on February 21, 2019. [Dkts. 26-27.]

3. The deadline for Defendants to respond to the Motion for Class Certification was March 4, 2019. Defendant did not file a response.

4. On March 14, 2019, Plaintiff filed his reply [Dkt. 29] stating that Defendants did not file a response.

5. Defendants, 20 days after its response was due and 10 days after Plaintiff told them they had failed to do so, filed their Motion for Leave to Respond to Motion to Certify [Dkt. 31].

1

6. Even though the Defendants do not cite Fed. R. Civ. P. 6(b), Defendants are seeking an extension of time to file its response. Fed. R. Civ. P. 6(b) states a court may grant an extension of time, "for good cause" "if a request is made, for the original time or its extension expires" or after the time has expired "if the party failed to act because of excusable neglect." Furthermore,

> The excusable-neglect standard is a strict one; "few circumstances will ordinarily qualify." [*Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat (Admin. of State Ins.*), 808 F.2d 1249, 1251 (7th Cir. 1987).] The excusable-neglect standard "refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Prizevoits v. Ind. Bell Tel. Co.,* 76 F.3d 132, 133–34 (7th Cir.1996).

*Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 706 (7th Cir. 2014).

7. Defendants' excuse for not filing a response due to their counsel's "failure to docket the due date" (Def.'s Mtn. at 1), does not amount to "excusable neglect."

8. Defendants' counsel was present when the Court ordered the briefing schedule and he received the Court's order with the briefing schedule. *See* February 7, 2019 Order. Defendant also should have been on notice that it was required to respond to Plaintiff's motion when it was served with Plaintiff's motion and memorandum, and served Plaintiff's reply.

9. Defendant does not claim that there was a "misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules," but only a "failure to docket the due date."

10. Moreover, Defendants failed to comply with the Court's standing order and "ask opposing counsel whether there is an objection to the motion" and to "note in the body of the motion whether there is an objection."

11. Last, Defendants' argument that there would be no supplemental jurisdiction in this matter because there were only 18 individuals with an FDCPA claim has no merit. In *Ervin*

*v. OS Rest. Servs., Inc.,* 632 F.3d 971, 981 (7th Cir. 2011), the Seventh Circuit held that there was federal jurisdiction over a case involving both federal and state wage and hour claims even though there were "approximately 30 participants in the FLSA collective action and potentially 180 to 250 people" who would be involved under a Rule 23(b)(3) state-law class.

12. Furthermore, as Plaintiff noted in his memorandum [Dkt. 27], courts have certified classes as small as 18 individuals. *See* Pl.'s Mem. at 8.

13. While Plaintiff does not concede Defendants' supplemental jurisdiction argument, however, there was no reason that the argument could not have been made in a timely filed response.

## **CONCLUSION**

For the reasons stated above, Plaintiff Brandon Davis requests this Court deny Defendants' Motion for Leave to Respond to Motion to Certify.

                Respectfully submitted,

                s/Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
David Kim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Atty. No. 41106 (Cook)

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on March 25, 2019, I filed the forgoing document with the Clerk of the Court using the CM/ECF System, which caused to be sent notification of such filing to the attorneys of record.

                                              */s/ Daniel A. Edelman*
                                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
David Kim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Atty. No. 41106 (Cook)