IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDON DAVIS,
On behalf of Plaintiff and a class,

           Plaintiff,

vs.                                             18-cv-05986

HBLC, INC., STEVEN J. FINK &
ASSOCIATES, P.C. and
STEVEN J.FINK,

           Defendants.

RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

      NOW COME Defendants, by their attorney, and for a Response to Plaintiff's Motion For Class Certification states the following:

      1.    Defendants are not contesting Plaintiff's request to certify the class brought pursuant to the Illinois Consumer Fraud and Deceptive Practices Act. Plaintiff's analysis under Rule 3 of the Federal Rules of Civil Procedure is correct. Defendants object to the certification of a class based on the Fair Debt Collection Practices Act on the bases that there is insufficient number of potential class members and that Brandon Davis might be able to bring his cause of action on an individual basis, however, is not a proper party to represent a class.

      2.    Plaintiff filed the instant action seeking, among other things, to have this matter proceed as a class action based on cases filed between August 31, 2017 and September 21, 2018 in which Defendants cause of action had been filed subsequent to the four year limitations period pertaining to the sale of consumer goods as set forth in the Uniform Commercial Code.

   3. Plaintiff's cause of action under the Fair Debt Collection Practices Act accrued on February 24, 2017 upon the filing of a lawsuit in the Circuit Court of Cook County, Illinois. Given the limitations period of claims brought under the FDCPA is one year, Plaintiff's cause of action under that statute must have been brought on, or before, February 24, 2018. Plaintiff filed the instant action in August, 2018, approximately six months after the limitations period expired. However, for purposes of this argument, we may agree that Plaintiff received no notice of the suite which had been filed against him in the State court until he was served with a Wage Deduction Notice in August, 2018.

   4. Previously in the instant matter, the parties engaged in certain, limited, written discovery with regard to potential class members of an FDCPA class based on the parameters provided by the Plaintiff's, instant, Complaint. During the period of August 31, 2017 and September 21, 2018, Defendants filed no lawsuits outside of the statute of limitations for the purchase of consumer goods. However, contemporaneously with the filing of the complaint against Brandon Davis, Defendants filed a number of other lawsuits against defaulting consumers. Plaintiff's examination of this batch of lawsuits revealed 18 lawsuits, not including Mr. Davis', which may have been filed outside of the applicable statute of limitations for filing suit on contracts for the sale of consumer goods. Like Mr. Davis' cause of action under the FDCPA, these potential class members would have had to have filed an action against the instant Defendants within a year of the Plaintiff's filing of collection complaints in State court. None have done that. At this point, therefore, they are barred from filing an FDCPA action against the Defendants.

   5. Plaintiff in this suit may be able to use the discovery rule in order to toll the limitations period of his FDCPA complaint; however, no other potential class member may do

that at this point. Davis' use of the rule doesn't apply to cure the failure of other potential class members for their failure to file suit within the limitations period. Even supposing it would operate to do so, a review of each potential class member's circumstances would have to be done to determine when any particular Debtor would have been deemed to have become aware of having been sued unlawfully by the instant Defendants. Each Debtor's individual circumstances would be different and, this, defeating the commonality requirement of Rule 23.

      6.      Defendants' alternative objection to the certification of an FDCPA class is based on a lack of sufficient numbers of potential class members. Plaintiff must demonstrate that joinder would be impractical and, therefore, a class approach should be taken. As Defendants set forth, above, there were 18 cases potentially being subject to inclusion in an FDCPA class which were filed along with the Brandon Davis file. A review of those cases shows that one of the Debtors is now deceased. Two others filed their respective bankruptcies. Eight of the remaining Debtors, ostensibly, were served with summons but have not moved to quash service within the applicable limitations period for filing an FDCPA action. The remaining number of Defendants cannot constitute a sufficient number on which to base a class action. Plainitiff has cited cases in which small numbers of Debtors were found to satisfy the numerosity requirements of Rule 23. In *Gaspar v. Linvatec Corp. 167 F.R.D. 51,* a class of 18 was certified but the potential class was inherently limited due to the cause of action having arisen within a small corporation's plan to limit early retirement plans. Courts have said 'Although there is no `bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1).' McCabe v. Crawford & Co., 210 F.R.D. 631, 642 (N.D.Ill.2002) Hinman v. M and M Rental Center, Inc., 545 F.Supp.2d 802, 2008 WL 927910 (N.D. Ill., 2008). Also "Although there is no fixed numerical threshold under Rule 23(a)(1), the Supreme Court has held that a putative class of fifteen

members "is too small to meet the numerosity requirement," and cited with approval decisions holding that numerosity was not satisfied where the putative class consisted of 37 members, 35-45 members, and 26 members." Gen. Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 330 & n.14 (1980).

## CONCLUSION

This court should refuse to certify a class based on violation of the FDCPA by the Defendants because the Plaintiff cannot be the proper representative of class. Alternately, Plaintiff cannot demonstrate the existence of the element of numerosity which is required to be shown as 15 to 18 Plaintiffs can be practically handled without the necessity of forming a class to be able to determine their individual rights.


Respectfully submitted:


___/s/Steven J. Fink_____
Attorney for Defendants




Steven J. Fink
Attorney for Defendants
25 E. Washington St.
Suite 1233
Chicago, IL 60602
312 696 1000